IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-372-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GEORGE DAMEL YOUNG | ORDER |

This matter is before the court on defendant's motion for compassionate release. (DE # 57.)

In 2018, defendant pled guilty to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. The court sentenced him to a total term of 93 months imprisonment.

In September 2020, defendant filed the instant motion *pro se*. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of such a motion. Appointed counsel filed a memorandum in support of defendant's motion, (DE # 63), with supporting exhibits, (DE ## 63-1, 64). The government filed a response in opposition, (DE # 66), to which defendant filed a reply, (DE # 67). Later, in response to the court's order, the government filed defendant's sentence computation data and inmate discipline data. (DE # 68.)

Defendant seeks release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

>    that—
>    >    (1) in any case—
>    >    >    (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    >    >    >    (i) extraordinary and compelling reasons warrant such a reduction . . .
>    >    >    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

The government acknowledges defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, (see Resp., DE # 66, at 3), and therefore, the court will consider the merits of

defendant's motion. Defendant requests that the court reduce his sentence to time served based on his medical conditions which place him at risk of severe complications from COVID-19 and the length of time he has been incarcerated. (Mem., DE # 63, at 6.) Defendant further argues that a time served sentence is warranted because he has worked to improve himself while incarcerated, he has had only one disciplinary incident, and he will be on supervised release for five years. (See id. at 6-8.) The government concedes that defendant is at risk for severe illness were he to contract COVID-19. (See Resp., DE # 66, at 15-16.) However, it argues defendant's motion should be denied because the § 3553(a) factors weigh against releasing defendant. (Id. at 16-18.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, No. 20-7009, 2021 WL 1216543 (4th Cir. Apr. 1, 2021). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 38 years old. He is borderline obese, (Mem., DE # 63, at 2 n.1), and has hypertension, (Def.'s Ex. 1, DE # 64). According to the CDC, being overweight or obese and having hypertension can make it more likely one will get severely ill from COVID-19. See

3

CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 18, 2021). Defendant has been incarcerated more than 4 years, or more than 60% of his total sentence (with good time credit). (Resp., Ex. 1, DE # 68-1.) Currently, he is serving his sentence at FCI Ashland. There, no inmates and one staff are positive for COVID-19. BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited June 18, 2021). A third of the inmates there have recovered from COVID-19. Id. Nearly 85% of the inmates are fully inoculated. BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited June 18, 2021).

Considering defendant's age, borderline obesity, and hypertension (for which he does not appear to take medication) in conjunction with the conditions at FCI Ashland as well as the length of defendant's incarceration, the court concludes defendant has failed to show extraordinary and compelling reasons warrant a reduction in his sentence to time served. Even assuming defendant had made such a showing, the court further concludes the § 3553(a) factors do not support reducing his sentence.

Prior to the instant offenses, defendant had been convicted in state court of one felony, second degree murder (aiding and abetting), related to a gang dispute. (PSR, DE # 34, ¶ 20.) The instant offenses involved two firearms, ammunition, heroin, and items associated with the distribution of narcotics. (Id. ¶¶ 9-10.) At sentencing, defendant's guideline imprisonment range on the drug trafficking offense was 27 to 33 months, and the court sentenced defendant at the top of that range.[2] (7/2/18 Tr., DE # 49, at 2, 11.) While incarcerated for the instant offenses and prior to the COVID-19 pandemic, defendant was employed. (Mem., DE # 63, at

---

[2] The guideline "range" for the firearm offense was the statutory mandatory minimum of 60 months, consecutive. (PSR, DE # 34, ¶ 62.)

7.) He has committed only one prohibited act, the introduction of narcotics into the institution. The BOP classifies that act of greatest severity, <u>see</u> BOP Program Statement 5270.09, Inmate Discipline Program, Table 1 (Aug. 1, 2011), and although during the disciplinary process defendant admitted committing the act, (Resp., Ex. 2, DE # 68-2), he now denies it, (<u>see</u> Mem., Ex. 1, DE # 63-1).

Given defendant's criminal history, the nature and circumstances of the instant offenses, and defendant's conduct while incarcerated, the court concludes reducing defendant's term of imprisonment to time served would not reflect the seriousness of the offenses, provide just punishment, or deter crime. Defendant's motion for compassionate release is DENIED.

This 18 June 2021.

_____
W. Earl Britt
Senior U.S. District Judge